IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY<br><br>    Plaintiff/Defendant on the Counterclaim<br><br>v.<br><br>WILLIAM DILLER, JR.<br><br>    Defendant/Counterclaimant/<br>    Third Party Plaintiff<br><br>v.<br><br>JAY KOPP, NIA GROUP ASSOCIATES, LLC, and MANN CUSTOM BOATS, INC.<br><br>    Third Party Defendants | Civil Action No. 07-cv-1131 (NLH)<br><br>**AMENDED THIRD PARTY COMPLAINT** |

Defendant/counterclaimant/third party plaintiff William Diller, Jr. ("Diller"), by way of third party complaint against third party defendants Jay Kopp, NIA Group Associates, LLC and Mann Custom Boats, Inc, says:

### FIRST THROUGH FIFTH COUNTS

Diller incorporates the allegations of these counts set forth in the original Third Party Complaint against third party defendants Kopp and NIA Group as if repeated herein at length.

### SIXTH COUNT
### (Breach of Contract)

32. Diller repeats and incorporates the allegations contained in paragraphs 1-31 as if fully set forth herein.

33. Third party defendant Mann Custom Boats, Inc. ("Mann") is, upon information and belief, a corporation of the State of North Carolina, located at 6300 NC Highway 64/264, Manns Harbor, North Carolina 27953.

34. Mann was the designer and manufacturer of the vessel which is the subject of this matter, the Dream Catcher ("Vessel"). In addition, Mann made repairs to the Vessel prior to the August 9, 2006 accident which forms the basis of this action.

35. Mann is subject to the jurisdiction of this Court pursuant to both admiralty jurisdiction and diversity jurisdiction.

36. In or about March, 1998, Diller and Mann entered into a written "Contract Agreement" for the construction of the Vessel.

37. Mann had a contractual duty to design and construct the Vessel in a workmanlike manner and deliver a product that was free from defects.

38. Plaintiff, NHIC, and third party defendants Kopp and NIA Group contend that the Vessel was defectively designed and/or manufactured and as a result was unseaworthy prior to the accident on August 9, 2006. While Diller does not agree with this contention, should the Court accept this argument, Diller asserts in the alternative that Mann breached the Contract Agreement with Diller.

39. As a direct a proximate result of Mann's breach of contract, Diller has sustained substantial monetary losses.

## SEVENTH COUNT
**(Strict Liability)**

40. Diller repeats and incorporates the allegations contained in paragraphs 1-39 as if fully set forth herein.

41. If the allegations of NHIC and Kopp/NIA Group that the Vessel was defectively designed and/or manufactured by Mann are accepted by the Court, Diller asserts in the alternative that Mann is liable to him pursuant to principles of strict liability.

42. As a direct and proximate result of Mann's defective design and/or manufacture of the Vessel, Diller has sustained substantial financial damages.

## EIGHTH COUNT
### (Negligent Design and/or Manufacture)

43. Diller repeats and incorporates the allegations contained in paragraphs 1-42 as if fully set forth herein.

44. Mann had a duty to design and construct the Vessel with due care.

45. If the allegations of NHIC and Kopp/NIA that the Vessel was improperly designed and/or manufactured are accepted by the Court, Diller asserts in the alternative that Mann was negligent in designing and/or constructing the Vessel.

46. As a direct and proximate result of Mann's negligence, Diller has sustained substantial financial damages.

## NINTH COUNT
### (Negligent Repair)

47. Diller repeats and incorporates the allegations contained in paragraphs 1-46 as if fully set forth herein.

48. Prior to the August 9, 2006 accident, Mann performed repairs on the Vessel, both as a result of prior incidents and otherwise.

49. Mann had a duty to perform the repairs with due care.

50. If the allegations of NHIC and Kopp/NIA Group that the Vessel was negligently repaired prior to August 9, 2006 are accepted by the Court, Diller asserts in the alternative that Mann was negligent in performing those repairs.

51. As a direct and proximate result of Mann's negligence in repairing the Vessel, Diller has sustained substantial financial damages.

WHEREFORE, third party plaintiff William Diller, Jr. demands judgment against the third party defendants for compensatory damages, costs of suit and all other relief deemed appropriate by the Court.

ARCHER & GREINER
A Professional Corporation
Attorneys for Defendant/Counterclaimant/
Third Party Plaintiff
One Centennial Square
Haddonfield, NJ 08033
856-795-2121


By: /s/_____
    SEAN T. O'MEARA (S00861)

Dated: January 8, 2008
2982525v1